IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TAPIA,

    Petitioner,                    No. CIV S-08-2304 GGH P

    vs.

JAMES A. YATES,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this late notice of appeal of this court's dismissal of his application for a writ of habeas corpus. On December 19, 2008, respondent filed a motion to dismiss as the petition was filed beyond the one-year statute of limitations. Petitioner never filed an opposition and on February 10, 2009, the court ordered petitioner to show cause why the motion to dismiss should not be granted. Petitioner never responded to the court's order, so on March 30, 2009, the court ordered the action dismissed without prejudice. Petitioner filed the instant notice of appeal approximately seven months later on November 2, 2009.[1]

---

[1] Petitioner also argues that a district judge never reviewed the undersigned's dismissal order. This argument will not be addressed as petitioner consented to the jurisdiction of the undersigned on October 30, 2008 (Doc. 7).

1

1    Before petitioner can appeal this decision, a certificate of appealability must issue.
2    28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28
3    U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
4    constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of
5    appealability indicating which issues satisfy the required showing or must state the reasons why
6    such a certificate should not issue.  Fed. R. App. P. 22(b).

7    The timely filing of a notice of appeal is a jurisdictional requirement.  See Scott v.
8    Younger, 739 F.2d 1464, 1466 (9th Cir. 1985).  The time limit for filing a notice of appeal
9    following entry of judgment is thirty days.  See Fed. R. App. P. 4(a).  Petitioner's notice of
10   appeal in this action was filed more than thirty days after entry of judgment.  It is, therefore,
11   untimely and cannot provide the appellate court with jurisdiction.  The issuance of a certificate of
12   appealability cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that
13   court.  Cf. Hayward v. Britt, 575 F.2d 1324, 1325 (9th Cir. 1978)(addressing issuance of a
14   certificate of probable cause).

15   Petitioner states he did not respond to the motion to dismiss because he is a
16   layman and legal research is confusing.  Petitioner also states the notice of appeal was late due to
17   the prison always being on lockdown.  Even if petitioner's excuse could be considered a request
18   to reopen the time in which to appeal, Fed,R. App. 4(a)(6), this does not sufficiently explain a
19   delay of seven months, nor does the purported excuse satisfy the requirements of this subsection.
20   Because petitioner's notice of appeal is untimely, the court declines to issue a certificate of
21   appealability.

22   Accordingly, IT IS HEREBY ORDERED that petitioner's request for a certificate
23   of appealability is denied.

24   DATED: November 16, 2009                    /s/ Gregory G. Hollows

25                                               UNITED STATES MAGISTRATE JUDGE
     tapi2304.coa
26